869 F.2d 1492
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LINK CORPORATION, Respondent.
 No. 88-5776.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1989.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This cause was submitted upon the application of the National Labor Relations Board (Board) for summary entry of a judgment against Respondent, Link Corporation, Tipp City and Troy, Ohio, its officers, agents, successors, and assigns, enforcing its order dated May 31, 1988, in Case No. 8-CA-20376. In response, the respondent states it has now filed for bankruptcy and cannot comply with the Board's order. It urges the Court to dismiss the Board's application for enforcement and to transfer this matter to the jurisdiction of the Bankruptcy Court.
 
 
 2
 Upon consideration, we conclude that the respondent's arguments are not well-taken and that the Board's order should be enforced. See NLRB v. Edward Cooper Painting, Inc., 804 F.2d 934, 938-43 (6th Cir.1986).
 
 
 3
 It therefore is ORDERED that the Board's application for summary entry of judgment is granted.
 
 
 4
 It is ORDERED further that the Respondent, Link Corporation, Tipp City and Troy, Ohio, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 5
 (a) Refusing to bargain with Shopmen's Local Union No. 804 of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO, as the exclusive representative of the employees in the following appropriate unit, by failing and refusing to continue in full force and effect the terms and conditions of its collective-bargaining agreement with the Union by failing to process and/or arbitrate grievances, terminating employee vacation benefits, ceasing to make required group insurance premium payments, implementing a new health insurance plan, laying off employees and assigning their duties to nonunit employees, terminating the work uniform allowance, and discontinuing the pension plan, unilaterally and without prior notice to or agreement with the Union and for the purpose of discriminating against unit employees engaging in union activities and thereby discouraging membership in a labor organization. The unit is:
 
 
 6
 All production and maintenance employees employed by the Respondent at plant No. 1, located at 8200 South Flick Road, Tipp City, Ohio, plant No. 2, located at 301 North Sixth Street, Tipp City, Ohio and at plant No. 3, located at 650 Olympic Drive, Troy, Ohio, including all employees engaged in the fabrication of iron, steel, metal, and other products or in maintenance work in or about the above listed plants, excluding all office clerical employees, draftsmen, engineering employees, watchmen, and professional employees, guards and supervisors as defined in the National Labor Relations Act, and all other employees.
 
 
 7
 (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 8
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 9
 (a) Adhere to the terms and conditions of its current collective-bargaining agreement with the Union, including, but not limited to, its provisions concerning grievance processing and arbitration, vacation benefits, group insurance, work uniform allowance, and pension plan payments.
 
 
 10
 (b) Make the contractually required group insurance premium and pension plan payments on behalf of the unit employees that the Respondent unlawfully failed to make, and reimburse employees for any expenses ensuing from the unlawful failure to make such payments, in the manner set forth in the remedy section of the Board's decision.
 
 
 11
 (c) Make whole the unit employees for any losses resulting from the failure to pay the contractually required vacation benefits and work uniform allowance, in the manner set forth in the remedy section of the Board's decision.
 
 
 12
 (d) On request, rescind the new health insurance plan and reimburse unit employees for any premiums they paid under the new plan, with interest.
 
 
 13
 (e) Offer the employees unlawfully laid off immediate and full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed, and make them whole for any loss of earnings and other benefits suffered as a result of the discrimination against them, in the manner set forth in the remedy section of the Board's decision.
 
 
 14
 (f) Remove from its files any references to the unlawful layoffs and notify the employees in writing that this has been done and that the layoffs will not be used against them in any way
 
 
 15
 (g) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 16
 (h) Post at its facilities in Tipp City and Troy, Ohio, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 8, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 17
 (i) Notify the Regional Director, in writing, within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 18
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 19
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 20
 The National Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 21
 WE WILL NOT refuse to bargain with Shopmen's Local Union No. 804 of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO, as the exclusive representative of the employees in the following appropriate unit, by failing and refusing to continue in full force and effect the terms and conditions of our collective-bargaining agreement with the Union by, inter alia, not processing and/or arbitrating grievances, terminating employee vacation benefits, ceasing to make required group insurance premium payments, implementing a new health insurance plan, laying off employees and assigning their duties to nonunit employees, terminating the work uniform allowance, and discontinuing the pension plan, unilaterally and without prior notice to or agreement with the Union and for the purpose of discriminating against unit employees engaging in union activities and thereby discouraging membership in a labor organization. The unit is:
 
 
 22
 All production and maintenance employees employed by us at plant No. 1, located at 8200 South Flick Road, Tipp City, Ohio, plant No. 2, located at 301 North Sixth Street, Tipp City, Ohio and at plant No. 3, located at 650 Olympic Drive, Troy, Ohio, including all employees engaged in the fabrication of iron, steel, metal, and other products or in maintenance work in or about the above listed plants, excluding all office clerical employees, draftsmen, engineering employees, watchmen, and professional employees, guards and supervisors as defined in the National Labor Relations Act, and all other employees.
 
 
 23
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 24
 WE WILL adhere to the terms and conditions of our current collective-bargaining agreement with the Union, including, but not limited to, its provisions concerning grievance processing and arbitration, vacation benefits, group insurance, work uniform allowance, and pension plan payments.
 
 
 25
 WE WILL make the contractually required group insurance premium and pension plan payments on behalf of unit employees that we unlawfully failed to make and reimburse employees for any expenses ensuing from our unlawful failure to make such payments and WE WILL make whole unit employees for any losses resulting from our failure to pay the contractually required vacation benefits and work uniform allowance, plus interest.
 
 
 26
 WE WILL, on request of the Union, rescind the new health insurance plan and reimburse unit employees for any premiums they paid under the new plan, plus interest.
 
 
 27
 WE WILL offer the employees unlawfully laid off immediate and full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed, and WE WILL make them whole for any loss of earnings and other benefits resulting from their layoffs, less any net interim earnings, plus interest.
 
 
 28
 WE WILL notify the employees that we have removed from our files any reference to their layoffs and that we will not use the layoffs against them in any way.
 
 
 29
 /s/LINK CORPORATION
 
 
 30
 (Employer)
 
 Dated ________ By ____________________
 
 31
 (Representative) (Title)
 
 
 32
 This is an official notice and must not be defaced by anyone.
 
 
 33
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, Anthony J. Celebrezze Federal Building, 1240 E. Ninth Street, Room 1695, Cleveland, Ohio 44199, Telephone 261-522-3733.